Defendant-appellant, Kenneth Ferris, appeals his classification by the Warren County Court of Common Pleas as a sexual predator. We affirm.
In March of 1988, appellant entered a guilty plea to a charge of attempted rape in violation of R.C. 2907.02(A)(3) and pled no contest to a charge of gross sexual imposition in violation of R.C. 2907.05(A)(3). By entry filed March 7, 1998, the trial court accepted appellant's guilty plea to attempted rape and also found appellant guilty of gross sexual imposition. Appellant was placed on probation, which was revoked on May 23, 1991. The revocation was due to the fact that on May 22, 1991, appellant pled guilty to a charge of rape and was sentenced to seven to twenty-five years to be served consecutively with his prior sentence.
On March 18, 1998, while appellant was still in prison, the trial court held a hearing pursuant to R.C. 2950.09(C)(1) to determine if appellant fell within the classification of sexual predator, which is defined in R.C. 2950.01(E) as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." The trial court found that appellant was a sexual predator by decision filed March 23, 1998. Appellant now appeals and raises the following six assignments of error.
Assignment of Error No. 1:
 THE DECISION OF THE TRIAL COURT IS NOT SUPPORTED BY AND IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Appellant argues that the prosecutor offered "no evidence, other than his own testimony and the testimony of his investigator" as to appellant's likelihood to commit a sexually oriented offense in the future. Appellant implies that the evidence presented was not sufficient to support his classification as a sexual predator. Appellant also argues that the trial court's finding was against the manifest weight of the evidence.
When considering the sufficiency of the evidence, our review of the trial court's determination is limited to whether there is sufficient probative evidence to support the trier of fact's finding as a matter of law. State v. Thompkins (1997), 78 Ohio St.3d 380,386. The question is whether the state has met its burden of production, and whether the evidence against appellant, if believed, would support the determination that appellant is a sexual predator. Id. at 390.
In order for a court of appeals to reverse a trial court's judgment on the basis that the adjudication is against the manifest weight of the evidence, the appellate court must unanimously disagree with the fact finder's resolution of any conflicting testimony. Thompkins, 78 Ohio St.3d at 389. The standard for reversal for manifest weight of evidence has been summarized as follows:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.
Id. at 387, quoting State v. Martin (1983), 20 Ohio App.3d 172,175. In making this analysis, the reviewing court must be mindful that the original trier of fact was in the best position to judge the credibility of witnesses and the weight to be given the evidence. State v. DeHass (1976), 10 Ohio St.2d 230, paragraph one of the syllabus. The question is whether the prosecutor has carried his burden of persuasion. Thompkins at 390.
Appellant argues that evidence of the facts underlying his previous convictions is not appropriate evidence to support a finding that he is a sexual predator because this evidence is not probative of his likelihood to commit sexual offenses in the future. However, this court has stated that "in determining an offender's propensity to commit future sex offenses, the trier of fact can use past behavior to gauge future propensity to commit crimes since past behavior is often an indicator of future violent tendencies." State v. Striley (Dec. 29, 1997), Clermont App. No. CA97-05-046, unreported, at 5, citing State v. Bartis (Dec. 9, 1997), Franklin App. No. 97APA05-600, unreported. Likewise, the United States Supreme Court has stated that "previous instances of violent behavior are an important indicator of future violent tendencies." Kansas v. Hendricks (1997), ___ U.S. ___, 117 S.Ct. 2072, 2080. See, also, State v. Naegele (Jan. 12, 1998), Clermont App. No. CA97-04-043, unreported.
At the sexual predator hearing, evidence was presented in the form of testimony from Eroll Butt, chief investigator for the Warren County Prosecutor's Office, and James D. Beaton, Assistant Prosecuting Attorney for Warren County. Butt testified regarding certain admissions made by appellant during a police interview concerning the rape charge. Butt testified that appellant admitted to having performed oral sex on his eight-year-old stepson while the boy was lying on a couch. This incident occurred while appellant was on parole from his two prior convictions for attempted rape and gross sexual imposition. Beaton then testified as to the facts underlying each of appellant's prior convictions for gross sexual imposition and attempted rape which involved two young children. Additionally, Beaton presented several medical reports in which appellant was diagnosed with "pedophilia severe, not exclusive type." Counsel for appellant then presented evidence of appellant's participation in several programs for sex offenders during his incarceration.
The record reflects that in making its determination, the trial court appropriately considered the relevant factors listed in R.C. 2950.09(B)(2)(a)-(j), including the age of the victims, appellant's prior criminal record including his sex offenses, whether the offenses involved multiple victims, the nature of appellant's sexual conduct, and the fact that appellant participated in available programs for sex offenders.
We find that the evidence presented by the prosecutor was sufficient to support the trial court's finding that appellant is a sexual predator. We also find that the trial court's determination that appellant is a sexual predator was correctly made by clear and convincing evidence. Accordingly, appellant's first assignment of error is overruled.
Assignment of Error No. 2:
 CLASSIFICATION OF APPELLANT AS A SEXUAL PREDATOR, THE DUTY TO REGISTER AND NOTIFICATION PROCEDURES OF R.C. SEC. 2950.01 ET. [SIC] SEQ., ARE IN VIOLATION OF THE EX POST FACTO CLAUSE OF THE UNITED STATES CONSTITUTION.
This argument has been addressed previously by this court in similar cases. In State v. Lyttle (Dec. 22, 1997), Butler App. No. CA97-03-060, unreported, this court concluded that the sexual predator law is not punitive, and therefore does not violate the Ex Post Facto Clause. Id. at 26. Accordingly, appellant's second assignment of error is overruled.
Assignment of Error No. 3:
 CLASSIFICATION OF APPELLANT AS A SEXUAL PREDATOR, THE DUTY TO REGISTER AND NOTIFICATION PROCEDURES OF REVISED R.C. SEC. 2950.01 ET. [SIC] SEQ., ARE IN VIOLATION OF THE RETROACTIVE CLAUSE OF THE OHIO CONSTITUTION.
Lyttle is also dispositive of appellant's third assignment of error. In Lyttle, we stated that the requirements of sexual predator law are remedial, not substantive, and therefore do not violate the Ohio constitutional prohibition against retroactive legislation. Lyttle, Butler App. No. CA97-03-060, unreported, at 34. In light of our holding in Lyttle, appellant's third assignment of error is overruled.
Assignment of Error No. 4:
 CLASSIFICATION OF APPELLANT AS A SEXUAL PREDATOR, THE DUTY TO REGISTER AND NOTIFICATION PROCEDURES OF R.C. SEC. 2950.01 ET. [SIC] SEQ., VIOLATES [SIC] APPELLANT'S RIGHTS TO EQUAL PROTECTION UNDER THE UNITED STATES CONSTITUTION.
Appellant's equal protection claim is based on the fact that R.C. 2950.01 et seq. treats offenders who were convicted of, pled guilty to, or are serving a prison term on or after the effective date of the statute, differently than sex offenders who were released from prison prior to the effective date of the statute. Appellant asserts that the legislature has created an arbitrary and invidious classification based on his status as a prisoner. We disagree.
This court previously considered this argument and found that "the sexual predator classification scheme found in R.C.2950.09(C) does not violate the Equal Protection Clause. The statute treats all offenders who are still imprisoned on January 1, 1997 the same and under the rational basis test, it bears a rational relationship to a legitimate governmental interest, namely, to protect the public from sex offenders." State v. Nicholas (Apr. 6, 1998), Warren App. Nos. CA97-05-045, CA97-04-035, CA97-04-036, CA97-05-040, CA97-05-044, CA97-05-046, CA97-05-047, CA97-05-052, CA97-06-063, unreported, at 13. Accordingly, appellant's fourth assignment of error is overruled.
Assignment of Error No. 5:
 THE HEARING TO HAVE APPELLANT DECLARED A SEXUAL PREDATOR CONSTITUTES DOUBLE JEOPARDY.
Appellant argues that the hearing held by the trial court to determine whether an offender is a sexual predator violates the prohibition against double jeopardy under both the Constitution of the United States and the Ohio Constitution. This court has previously considered and rejected this argument. In Naegele, Clermont App. No. CA97-04-043, unreported, we held that the sexual predator law is not punishment, thus any claim of double jeopardy is lacking an essential prerequisite, and imposition of the law cannot violate the Double Jeopardy Clause of either the Ohio or the ___ U.S. ___ Constitutions. Naegele at 7. Appellant's fifth assignment of error is overruled.
Assignment of Error No. 6:
 THE NOTIFICATION PROVISIONS OF R.C. SEC. 2950.01
ET. [SIC] SEQ., ARE CRUEL AND UNUSUAL PUNISHMENT, AND ARE A VIOLATION OF APPELLANT'S CONSTITUTIONAL RIGHTS TO LIBERTY AND SAFETY.
Appellant first argues that the notification provisions of R.C. 2950 are cruel and unusual punishment. This court previously considered and rejected this argument in Nicholas. We held, based upon our holding in Lyttle, that the requirements placed upon a sexual predator are not punishment but are merely regulatory in nature; it followed that they did not constitute cruel and unusual punishment. Nicholas at 18.
Appellant also argues that his safety and liberty are threatened as a result of the statute. We also considered and rejected this argument in Nicholas where we found that a conviction "is public record, and * * * an offender does not have a vested right in prohibiting the dissemination of public information concerning a prior conviction. The harsh consequences [he] expects from classification and community notification come not as a direct result of the sexual offender law, but instead as a direct societal consequence of his past actions." Nicholas at 20-21, citing Lyttle at 32-33. Appellant's sixth assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and WALSH, J., concur.
[1] Discretionary appeal has been granted, 81 Ohio St.3d 1471, for the Ohio Supreme Court to resolve the existing conflict with State v. Cook (Aug. 7, 1997), Allen App. No. 1-97-21, unreported.
[2] This case has been certified to the Ohio Supreme Court, 1998 Ohio LEXIS 1152, to resolve the existing conflict with State v. Cook (Aug. 7, 1997), Allen App. No. 1-97-21, unreported.
[3] Clear and convincing evidence is "that measure of degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, 477.